UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-20192

JULIAN C. SANCHEZ PELAEZ, and
TOMMY A. LIAN PADILLA,

    Plaintiffs,

vs.

WCL CONSTRUCTION, INC. and
ERIKA PATINO,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, Julian C. Sanchez Pelaez and Tommy A. Lian Padilla, sue Defendants, WCL Construction, Inc. and Erika Patino, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Julian C. Sanchez Pelaez**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2. Mr. Sanchez Pelaez consents to participate in this lawsuit.

3. **Plaintiff, Tommy A. Lian Padilla**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

4. Mr. Lian Padilla consents to participate in this lawsuit

5. Each Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

6. **Defendant, WCL Construction Inc.**, is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

7. **Defendant, Erika Patino**, was and is an owner, manager, and operator of the corporate Defendant for the relevant time period. Defendant Patino ran its day-to-day operations, had supervisory authority over Plaintiffs, and was partially or totally responsible for paying Plaintiffs' wages.

8. Defendants were Plaintiffs' direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendant, WCL Construction Inc., maintained its principal place of business in this District, because Defendant, Erika Patino, resides in this District, and because most if not all of the operational decisions were made in this District.

10. Defendants, WCL Construction Inc. and Erika Patino, were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d). Both Defendants employed Plaintiff.

11. This Court has original jurisdiction over Plaintiffs' federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

### *Common Background Factual Allegations*

12. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used

instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

13. In particular, Defendants own and operate a company that performs and provides construction-related services, and with respect to Plaintiffs, provided such services in the State of Wisconsin.

14. Defendants have been at all times material engaged in interstate commerce in the course of their provision of construction, stucco, finishing, and related services which, traditionally, cannot be performed without using plaster/stucco, exterior finish-related products, applicators, coloring agents, tools, goods, materials, supplies, and equipment that have all moved through interstate commerce.

15. Furthermore, Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, perform work on real property located outside of the State of Florida, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

16. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

17. Plaintiff, Julian C. Sanchez Pelaez worked for Defendants from March 25, 2019 to September 26, 2019, although he was not actively working from approximately June 4, 2019 to September 9, 2019.

18. Plaintiff, Tommy A. Lian Padilla worked for Defendants from April 10, 2019 to September 26, 2019.

19. To the extent that records exist regarding the exact dates of Plaintiffs' employment exist, such records are Defendants' exclusive custody.

20. Plaintiffs' work for Defendants was actually in or so closely related to the movement of commerce while they worked for Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for Defendants.

21. Plaintiffs regularly and recurrently received plaster/stucco and exterior finish-related products that arrived from outside of the State of Florida and applied that finish material to exterior surfaces in the desired format/pattern.

22. Plaintiffs traveled to the State of Wisconsin to perform work for Defendants on real property located in Wisconsin.

23. Plaintiffs attempted to resolve this matter prior to filing suit by sending a letter demanding their unpaid wages to Defendants, but Plaintiffs received no response to this pre-suit demand letter.

24. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

25. Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I – FLSA MINIMUM WAGE VIOLATION(S)
### (BY PLAINTIFF, JULIAN C. SANCHEZ PELAEZ)

Plaintiff, Julian C. Sanchez Pelaez, reincorporates and re-alleges all preceding paragraphs as set forth fully herein and further alleges as follows:

26. The FLSA, at 29 U.S.C. §218 and 29 C.F.R. §778.5, requires that all non-exempt employees be paid a wage that is at or greater than the applicable minimum wage established by

any other law.

27. Defendants failed and refused to pay Plaintiff, Julian C. Sanchez Pelaez, for 42 hours of work that he performed between September 23-27, 2019.

28. By failing to pay him for the work he performed between September 23-27, 2019, Defendants willfully and intentionally refused to pay Plaintiff, Julian C. Sanchez Pelaez, even a minimum wage for all of hours/days that he worked for Defendants.

29. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff, Julian C. Sanchez Pelaez, at least a minimum wage for each the hours he worked during the relevant time period violated the FLSA, and then failed to timely correct their violation after having known and been put on notice of same.

30. Plaintiff, Tommy A. Lian Padilla, is entitled to a backpay award of unpaid/underpaid minimum wages for all hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Julian C. Sanchez Pelaez, demand the entry of a judgment in their favor and against Defendants, WCL Construction, Inc. and Erika Patino, jointly and severally, after trial by jury and as follows:

   a. That Plaintiff, Julian C. Sanchez Pelaez, recovers compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

   b. That Plaintiff, Julian C. Sanchez Pelaez, recovers pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

c. That Plaintiff, Julian C. Sanchez Pelaez, recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff, Julian C. Sanchez Pelaez, recovers all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff, Julian C. Sanchez Pelaez, whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

### COUNT II – FLSA MINIMUM WAGE VIOLATION(S)
### (BY PLAINTIFF, TOMMY A. LIAN PADILLA)

Plaintiff, Tommy A. Lian Padilla, reincorporates and re-alleges all paragraphs 1 through 25 as set forth fully herein and further alleges as follows:

31. The FLSA, at 29 U.S.C. §218 and 29 C.F.R. §778.5, requires that all non-exempt employees be paid a wage that is at or greater than the applicable minimum wage established by any other law.

32. Defendants failed and refused to pay Plaintiff, Tommy A. Lian Padilla, for 50 hours of work that he performed between September 23-27, 2019.

33. By failing to pay him for the work he performed between September 23-27, 2019, Defendants willfully and intentionally refused to pay Plaintiff, Julian C. Sanchez Pelaez, even a minimum wage for all of hours/days that he worked for Defendants.

34. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff, Julian C. Sanchez Pelaez, at least a minimum wage for each

the hours he worked during the relevant time period violated the FLSA, and then failed to timely correct their violation after having known and been put on notice of same.

35.     Plaintiff, Tommy A. Lian Padilla, is entitled to a backpay award of unpaid/underpaid minimum wages for all hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Tommy A. Lian Padilla, demand the entry of a judgment in their favor and against Defendants, WCL Construction, Inc. and Erika Patino, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff, Tommy A. Lian Padilla, recovers compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b. That Plaintiff, Tommy A. Lian Padilla, recovers pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c. That Plaintiff, Tommy A. Lian Padilla, recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff, Tommy A. Lian Padilla, recovers all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff, Tommy A. Lian Padilla, whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

g. Such other and further relief as the Court deems just and proper.

## **COUNT III – FLSA OVERTIME VIOLATION(S)**

Plaintiffs, Julian C. Sanchez Pelaez and Tommy A. Lian Padilla, reincorporate and re-allege paragraphs 1 through 25 set forth fully herein and further alleges as follows:

28. Defendants agreed to pay Plaintiff, Julian C. Sanchez Pelaez, at a rate of $150.00 per day.

29. Defendants agreed to pay Plaintiff, Tommy A. Lian Padilla, at a rate of $150.00 per day.

30. Plaintiffs regularly and routinely worked in excess of 40 hours per week without receipt of overtime pay, calculated at a rate of one and one-half times their regular rate of pay (of at least the applicable minimum wage) for all hours worked beyond 40 in a workweek.

31. Defendants failed and refused to pay Plaintiffs overtime wages calculated at time and one-half of their regular hourly rate of pay per hour (of at least the applicable minimum wage) for all hours worked over 40 hours in a given workweek.

32. Defendants willfully and intentionally refused to pay Plaintiffs wages at a rate of one and one-half times their regular rate of pay (of at least the applicable minimum wage) for each of the overtime hours they worked during the relevant time period.

33. Defendants either recklessly failed to investigate whether its failure to pay Plaintiffs an overtime wage for the hours they worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiffs to believe that Defendants were not required to pay them overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiffs of the overtime pay earned.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

34. Plaintiffs are entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiffs, Julian C. Sanchez Pelaez and Tommy A. Lian Padilla, demand the entry of a judgment in their favor and against Defendants, WCL Construction, Inc. and Erika Patino, jointly and severally, after trial by jury and as follows:

    a. That Plaintiffs recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b. That Plaintiffs recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiffs recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiffs recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiffs whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiffs, Julian C. Sanchez Pelaez and Tommy A. Lian Padilla, demand a trial by jury of all issues so triable.

Respectfully Submitted this 16th day of January 2020.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
305.230.4884
*Counsel for Plaintiffs*
